**16-2313**

IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

JENNIFER MASON; CARL ROGERS, II; TERESA SPRINGER; JEFFREY DUSHANE;
DEBORAH CULVER; TRISTIN HASSELL; ADAM DILL; DAVID YEOMAN

*Plaintiffs -- Appellees*

--- V. ---

LOCKWOOD, ANDREWS & NEWNAM, P.C., a Michigan corporation;
LOCKWOOD, ANDREWS NEWNAM, INC., a Texas corporation

*Defendants – Appellants*

AND

LEO A. DALY COMPANY, a Nebraska corporation

*Defendant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
CASE NO. 5:16-CV-10663-JCO-MKM

# BRIEF OF APPELLANTS

| | |
|---|---|
| **SEDGWICK LLP** | **PLUNKETT COONEY** |
| By:  Wayne B. Mason | By:  s/ Robert G. Kamenec |
| S. Vance Wittie | Robert G. Kamenec |
| 1717 Main Street, Suite 5400 | Philip A. Erickson |
| Dallas, TX 75201 | 38505 Woodward Ave., Ste. 2000 |
| (469) 227-8200 | Bloomfield Hills, MI 48304 |
| wayne.mason@sedgwicklaw.com | (248) 901-4068 |
| vance.wittie@sedgwicklaw.com | rkamenec@plunkettcooney.com |
| | perickson@plunkettcooney.com |

**ORAL ARGUMENT REQUESTED**

## CORPORATE DISCLOSURE STATEMENT

1.      Is said party a subsidiary or affiliate of a public owned corporation? If Yes,

list below the identity of the parent corporation or affiliate and the relationship

between it and the named party:

*Lockwood, Andrews and Newnam, Inc. is a wholly owned subsidiary of Leo A. Daly*

*Company.  Lockwood, Andrews and Newnam P.C. has no parent corporation and no*

*publicly held corporation owns 10% or more of its stock.*

2.      Is there a publicly owned corporation, not a party to the appeal, that has a

financial interest in the outcome?

*No.*

Respectfully submitted,

**SEDGWICK LLP**                              **PLUNKETT COONEY**

By:   Wayne B. Mason              By:   s/ Robert G. Kamenec
       S. Vance Wittie                          Robert G. Kamenec
       1717 Main Street, Suite 5400       Philip A. Erickson
       Dallas, TX 75201                       38505 Woodward Ave., Ste. 2000
       (469) 227-8200                         Bloomfield Hills, MI 48304
       wayne.mason@sedgwicklaw.com    (248) 901-4068
       vance.wittie@sedgwicklaw.com    rkamenec@plunkettcooney.com
                                                      perickson@plunkettcooney.com

*Attorneys for Defendants-Appellants*
*Lockwood, Andrews & Newnam, PC*
*and*
*Lockwood, Andrews & Newnam, Inc.*

Dated: October 4, 2016

1

# TABLE OF CONTENTS

Page

I.   APPELLEES WERE BURDENED TO PROVE ALL ELEMENTS
     OF THE LOCAL CONTROVERSY EXCEPTION ........................................8

II.  THE DISTRICT COURT ERRED IN FINDING THAT TWO-
     THIRDS OF THE CLASS ARE MICHIGAN CITIZENS ..........................11

     A.   The District Court Misconstrued the Composition of the
          Proposed Class ...................................................................................11

     B.   Residence Does Not Establish Citizenship .........................................13

     C.   The District Court Failed to Place the Burden of Establishing
          the Exception Upon Appellees and Improperly Placed It On
          Appellants...........................................................................................15

          1.   The Courts Require Proof Beyond a Prima Facie Link
               Between Residence and Domicile .............................................15

          2.   The Authority Cited by the District Court Does Not
               Support its Decision.................................................................16

          3.   The District Court's Approach Has Been Rejected in
               Other Toxic Exposure Cases.....................................................18

          4.   Sensible Guesswork About Class Citizenship is No
               Substitute for Evidence ...........................................................20

          5.   The District Court's Approach Conflicts With Other
               Courts in this Circuit.................................................................21

          6.   Appellants Had No Obligation to Refute Evidence of
               Citizenship That Appellees Did Not Provide. ..........................22

III. THE DISTRICT COURT ERRED IN FINDING THAT A LOCAL
     DEFENDANT'S CONDUCT FORMED A SIGNIFICANT BASIS
     OF THE COMPLAINT ...............................................................................23

     A.   The Local Defendant's Conduct Must Be Important in
          Comparison to the Conduct of Other Defendants.............................23

B.    The District Court Failed to Apply the Appropriate Significant Basis Text ........................................................................................24

C.    Courts Have Refused to Find the Local Defendant's Conduct Was a Significant Basis for the Claim Under Similar Circumstances ........................................................................................27

D.    The District Court Erred in Failing to Consider Appellant's Contract Evidence ................................................................................28

IV.    CONCLUSION..............................................................................................30

# TABLE OF AUTHORITIES

Page

## CASES

*Albury v. Daymare Colleges Grp.*,
  2012 WL 524480 (W.D. Ky. Feb. 15, 2012) ................................................ 14, 22

*Americold Realty Tr. v. Conagra Foods, Inc.*,
  194 S. Ct. 1012 (2016) .........................................................................14

*Arbuckle Mountain Ranch of Tex. Inc. v. Chesapeake Energy Corp.*,
  810 F.3d 335 (5th Cir. 2016) ......................................................... 10, 12

*Barclae v. Zarb*,
  300 Mich. App. 455, 834 N.W.2d 100 (2013) ....................................................26

*Boyd v.QDRO Office*,
  2014 WL 4715859 (N.D. Ohio Sept. 22, 2014) ..................................................14

*Breuer v. Jim's Concrete of Brevard, Inc.*,
  538 U.S. 691 (2003) ..................................................................... 10, 21

*Caruso v. Allstate Ins. Co.*,
  469 F. Supp. 2d 364 (E.D. La. 2007) ..................................................18

*Cedar Lodge Plantation v. CSHV Fairway View I*,
  768 F.3d 425 (5th Cir. 2014) ......................................................................11

*Certain Interested Underwriters at Lloyd's v. Layne*,
  26 F.3d 39 (6th Cir. 1994) .................................................................13

*Coleman v. Estes Express Lines*,
  631 F.3d 1010 (9th Cir. 2011) ............................................................28

*Dart Cherokee Basin Op. Co., LLC v. Owens*,
  135 S. Ct. 547 (2014) .......................................................................8

*Doe v. Boland*,
  698 F.3d 877 (6th Cir. 2012) ................................................................23

*Evans v. Walter Indus. Inc.*,
   449 F.3d 1159 (11th Cir. 2006)................................................. 9, 10, 19, 23, 25, 27

*Gallagher v. Johnson & Johnson Consumer Cos., Inc.*,
   2016 WL 1030143 (D.N.J. Mar. 15, 2016) .........................................................18

*Graphic Comm'ns Local 1B Health & Welfare Fund "A" v.*
   *CVS Caremark Corp.*,
   636 F.3d 971 (8th Cir. 2011) ...................................................................................9

*Hart v. FedEx Ground Package Sys.*,
   457 F.3d 675 (7th Cir. 2006) ...........................................................................9, 10

*Hollinger v. Home State Mut. Ins. Co.*,
   654 F.3d 564 (5th Cir. 2011) ........................................................................ 15, 17

*In re Sprint Nextel Corp.*,
   593 F.3d 669 (7th Cir. 2010) .................................................................................20

*Kaiser v. Loomis*,
   391 F.2d 1007 (6th Cir. 1968) ..............................................................................13

*Kaufman v. Allstate N.J. Ins. Co.*,
   561 F.3d 144 (3d Cir. 2009) ........................................................................ 24, 25

*Lancaster v. Daymar Colleges Grp., LLC*,
   2012 WL 884898 (W.D. Ky. Mar. 14, 2012).......................................................21

*Lincoln Prop. Co. v. Roche*,
   546 U.S. 81 (2005) ...............................................................................................14

*Miss. Band of Choctaw Indians v. Holyfield*,
   490 U.S. 30 (1989) ...............................................................................................14

*Mondragon v. Capital One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013).................................................................................16

*Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*,
   665 F.3d 358 (5th Cir. 2011)........................................................... 10, 23, 27, 28

*People v. Am. Med. Ctrs. of Mich., Ltd.*,
   118 Mich. App. 135, 324 N.W.2d 781 (1982) ....................................................26

*Perez v. Santeaella*,
   364 F.3d 348 (1st Cir. 2004) ...............................................................................14

*Preston v. Tenet Healthsystems Mem. Med. Ctr.*,
   485 F.3d 793 (5th Cir. 2007)............................................................. 8, 16, 17, 21

*Reece v. AES Corp.*,
   638 F. App'x 755 (10th Cir. 2016)............................................................... 16, 20

*Rogers v. Wal-Mart Stores, Inc.*,
   230 F.3d 868 (6th Cir. 2000) ...............................................................................13

*Schorsch v. Hewlett-Packard Co*,
   417 F.3d 748 (7th Cir.2005) ................................................................................12

*Serrano v. 180 Connect, Inc.*,
   476 F.3d 1068 (9th Cir. 2007) ...............................................................................9

*Steigleder v. McQuesten*,
   188 U.S. 141 (1905) .............................................................................................14

*Stifel v. Hopkins*,
   477 F.2d 116 (6th Cir. 1973) ...............................................................................14

*Westerfeld v. Ind. Processing LLC*,
   621 F.3d 819 (8th Cir. 2010) ....................................................................... 10, 25

*Woods v. Standard Ins. Co.*,
   771 F.3d 1257 (10th Cir. 2014).................................................................. 24, 27, 29

## STATUTES

28 U.S.C. § 1332 (d)(4)(A)(i) ...............................................................................15

28 U.S.C. § 1332(d)(2)...........................................................................................8

28 U.S.C. § 1332(d)(4)................................................................................. 9, 23, 29

28 U.S.C. § 1332(d)(4)(A)(i)(II)...................................................................23

28 U.S.C. § 1441 .......................................................................................8

28 U.S.C. § 1453(c)(1)...........................................................................1, 4

## OTHER AUTHORITIES

ANTONIN SCALIA AND BRYAN A. GARNER, READING LAW:
    THE INTERPRETATION OF LEGAL TEXTS (Thomson West 2012) ..........................15

Merritt, *Judges on Judging: The Decision-Making Process in
    Federal Courts of Appeal*,
    51 Ohio St. L. J. 1385 (1991) ............................................................ vii

S. REP. NO. 109-14 (2005) ........................................................ 8, 22, 24

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

As provided in Sixth Circuit Rule 34(a), Appellants request oral argument. This court has not yet considered an appeal arising under the "local controversy exception" to federal jurisdiction under the Class Action Fairness Act (CAFA). This case raises important issues regarding the burden of establishing the elements of the local controversy exception and the type of proof required. Hence, the case concerns the boundary between state and federal jurisdictions in interstate class actions, a subject likely to recur in important cases.

Appellants believe that oral argument would assist the court in showing how the record in this case bears upon the elements of the local controversy exception, delineating the type of proof courts have required to satisfy these elements and in demonstrating the interrelationship of the provisions of CAFA, a relatively new and complex statute.

The value of oral argument has consistently been acknowledged by this court. As noted by Sixth Circuit Senior Judge Gilbert S. Merritt, the core of the adversary process is oral argument, a tradition which provides a "hedge against misdiagnosis and misperformance in the brief, the one last chance of locating a postern missed in the advance survey." Merritt, *Judges on Judging: The Decision-Making Process in Federal Courts of Appeal*, 51 Ohio St. L. J. 1385, 1386-1387 (1991).

# STATEMENT OF JURISDICTION

The Class Action Fairness Act confers permissive appellate jurisdiction to review the orders of a district court remanding an action to state court following removal under the Act. 28 U.S.C. § 1453(c)(1). Appellants timely petitioned this Court for permission to appeal the district court's remand order and the Court granted the petition on September 20, 2016.

## STATEMENT OF THE CASE

The present case is one of many arising from the Flint, Michigan water crisis. The City of Flint decided to switch its primary source for drinking water from the City of Detroit water system to the Flint River. Appellees allege that this action created a health hazard because the more corrosive Flint River water reacted with lead pipes in the water supply system to cause the water to have high levels of lead at the point of use. Appellees contend that they and other members of the class have sustained a wide variety of physical ailments and risks as a result of lead contamination of the water supply. (R.E. 1-1, Class Action Complaint, pp. 7, 9-16, Page ID# 34, 36-43). They also contend that lead contamination property damages and diminished the value of all real property in the Flint area. (*Id.*, pp. 7, 17, Page ID# 34, 44).

Appellees' Complaint referred to Lockwood, Andrews & Newnam, Inc. ("LAN Inc." herein) and Lockwood, Andrews & Newnam P.C. ("LAN P.C." herein) as "LAN." (*Id.*, p. 7, Page ID# 34). Appellees alleged that these engineering firms contracted with the City of Flint in connection with upgrades to the Flint Water Treatment Plant necessary to allow that Plant to handle Flint River water. Appellees sued the LAN Defendants in Genesee County, Michigan, alleging that the LAN Defendants were guilty of professional negligence in failing to ensure that appropriate corrosion control measures were implemented. (*Id.*, pp. 16-17, Page ID# 43-44). Another Defendant, Leo A. Daly Company, was sued as the alleged alter ego of the

LAN Defendants.[1] (R.E. 8-1, First Amended Class Action Complaint, pp. 4-5, 15-16, Page ID# 379-380, 392-393). After the district court's remand order, Appellees amended their Complaint to add new defendants—other engineering firms unrelated to the LAN Defendants.

The LAN Defendants timely removed the suit to the United States District Court of the Eastern District of Michigan on the basis of both federal question jurisdiction and the extended grant of diversity jurisdiction created by the Class Action Fairness Act (CAFA). (R.E. 1, Notice of Removal, pp. 14-19, Page ID# 14-19). Appellees moved to remand. Appellees did not dispute that the basic jurisdictional requirements of CAFA were satisfied, but sought to invoke the "local controversy exception." (R.E. 10, Plaintiffs' Motion to Remand, pp. 21-27, Page ID# 666-672).

Appellees presented no evidence in connection with the remand motion other than the Complaint itself. Appellees contended (incorrectly) that their Complaint pleaded that all class members were Michigan citizens and that the requirement that two-thirds of the class members were Michigan citizens was not in dispute. (*Id.*, p. 23, Page ID# 668). Appellees also contended that the conduct of LAN P.C., the resident Michigan defendant, formed a "significant basis" of their claim because a Michigan-

---

[1]    Leo A. Daly Company did not join in the notice of removal and is not a party to this appeal.

licensed engineer was legally required to sign and seal the engineering specifications for the project. (*Id.*, pp. 25-27, Page ID# 670-672).

The LAN Defendants opposed the motion to remand. They noted that they did dispute the local controversy exception's requirement that two-third of the class members be forum citizens, that the Complaint had alleged Michigan residence instead of citizenship and that Plaintiffs' motion was otherwise bereft of proof of state citizenship. (R.E. 14, Brief in Opposition to Plaintiffs' Motion to Remand, pp. 17-22, Page ID# 763-768). The LAN Defendants also disputed the argument that the alleged conduct of LAN P.C. formed a "significant basis" for Appellees' complaint. They noted that Appellees' negligence theories were not related to any licensure issue. (*Id.*, pp. 23-24, Page ID# 769-770). The LAN Defendants submitted proof that the contracts for the work in question were between the City of Flint and LAN, Inc., a Texas entity, and that Appellees had affirmatively pleaded that the majority of the work in connection with the project was performed at LAN Inc.'s Chicago office. (*Id.*, p. 24, Page ID# 770; R.E. 14-3, Contract Documents, Page ID# 807-913).

The district court did not conduct a hearing, but granted the motion to remand in its order of May 11, 2016. (R.E. 23, Remand Order, Page ID# 1458-1469). The LAN Defendants timely petitioned to appeal the remand order pursuant to 28 U.S.C. § 1453(c)(1). This Court granted the petition on September 20, 2016.

# STATEMENT OF THE ISSUES

1.  Whether Appellees' pleading that some class members were Michigan residents at the time they were exposed to the allegedly harmful water constitutes sufficient proof that at least two-thirds of the class members are Michigan citizens for purposes of CAFA's local controversy exception.

2.  Whether Appellees' pleading sufficiently establishes that the acts of the Michigan resident Defendant constitutes a significant basis of their claim for purposes of CAFA's local controversy exception.

# SUMMARY OF THE ARGUMENT

The Class Action Fairness Act grants broad federal jurisdiction to determine class actions involving citizens of different states. The limited local controversy exception requires a district court to decline to exercise its jurisdiction under a narrow set of circumstances. All appellate courts to consider the issue have concluded that the party seeking to invoke the exception has the burden to demonstrate that these circumstances exist.

Two requirements of the local controversy exceptions are at issue in this case: (1) the requirement that greater than two-thirds of the class members must be citizens of the forum state; and (2) the requirement that the conduct of a forum citizen defendant provide a "significant basis" of the class members' claims.

The district court's analysis of the two-thirds citizenship requirement suffers from three distinct but interrelated flaws. First, the district court failed to properly characterize the composition of the proposed class, thereby failing to consider several categories of class members who were not Michigan citizens. Second, the court assumed that a mere pleading alleging that the class was compromised of Michigan *residents* was sufficient to infer that the requisite fraction of class members were Michigan *citizens*. In doing so the court disregarded the well-established distinction between residence and citizenship in the context of diversity jurisdiction and the great weight of authority which does not permit citizenship to be inferred from residence.

Finally, the court's analysis, allowing residence to stand as a surrogate for citizenship in the absence of other proof, effectively placed the burden upon Appellants to negate an exception to the grant of federal jurisdiction. That burden should have been placed on Appellees. Having failed to present any evidence of the class's citizenship, Appellees clearly did not meet that burden.

The district court's analysis of the "local defendant" requirement of the local controversy exception is likewise flawed. The district court stressed that LAN P.C. was a Michigan defendant from whom Plaintiffs sought "significant relief." But the district court ignored the separate and distinct requirement that the defendants' alleged conduct form a "significant basis" for the class claim. Likewise, the district court's determination that LAN P.C. was not a nominal defendant was an insufficient ground to determine that the significant basis requirement had been satisfied. The courts have mandated a comparative analysis to determine the importance of the local defendant's conduct in relation to that of the other defendants. The district court failed to make the required comparative analysis. Under the record, no basis exists for concluding that the local defendant's conduct was a significant basis of the proposed class's claims.

# ARGUMENT

## I.    APPELLEES WERE BURDENED TO PROVE ALL ELEMENTS OF THE LOCAL CONTROVERSY EXCEPTION

The Class Action Fairness Act of 2005 significantly expanded the diversity jurisdiction of the federal courts in putative class actions. Under CAFA, federal jurisdiction exists where: (1) there is minimal diversity between any member of the class and any defendant; (2) the class is comprised of at least 100 persons; and (3) the amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). *See generally Preston v. Tenet Healthsystems Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). CAFA also expanded removal jurisdiction to permit defendants to remove state class actions meeting these requirements. 28 U.S.C. § 1441. CAFA's provisions were intended to be read broadly "with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (*quoting* S. Rep. No. 109-14, p. 43 (2005)).

In their Motion to Remand, Appellees did not contest that each of the requirements for CAFA jurisdiction were met. They did not challenge diversity of citizenship, numerosity of the class, nor the amount in controversy. Instead, they relied entirely on the "local controversy exception" to CAFA jurisdiction. (R.E. 10, Motion to Remand, pp. 21-27, Page ID# 666-672). This local controversy exception

8

requires the court to decline jurisdiction where: (1) more than two-thirds of the members of all classes in the aggregate are citizens of the forum state; (2) at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted by the proposed class is a citizen of the forum state; (3) the principal injuries resulting from the alleged conduct were incurred in the state where the action was originally filed; and (4) during the three years preceding the filing of the class action, no other class action asserting the same or similar allegations against the defendants has been filed by the same or other persons. 28 U.S.C. § 1332(d)(4). *See generally Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006). This Court has not yet considered the local controversy exception to CAFA jurisdiction.[2]

The CAFA exceptions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases where the controversy is strongly linked to that state." *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 682 (7th Cir. 2006). The exception is carefully crafted to ensure that it does not become a jurisdictional loophole. *Evans*, 449 F.3d at 1163. Consequently, it is intended to be narrow "with all

---

[2] The term "local controversy exception," though widely used, is actually a misnomer. The provision is not, strictly speaking, an exception to federal jurisdiction, but a mandatory abstention provision directing district courts not to exercise jurisdiction they otherwise possess. *Graphic Comm'ns Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011); *Serrano v. 180 Connect, Inc.*, 476 F.3d 1068, 1023 (9th Cir. 2007).

doubts resolved in favor of exercising jurisdiction over the case." *Hart*, 457 F.3d, quoting *Evans*, 449 F.3d at 1163. *See also Westerfeld v. Ind. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (exceptions to CAFA jurisdiction intended to be narrow).

This rule derives from the general principle that the plaintiff has the burden to show an express exception to a right to remove a case. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98 (2003). Consequently, every court to consider the issue has concluded that the party seeking to invoke the local controversy exception is burdened to establish each of its elements. Critically, the party seeking remand bears the burden to establish the applicability of the local controversy and other CAFA jurisdictional exceptions. *Evans*, 449 F.3d at 1164. *See also Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 665 F.3d 358, 360 (5th Cir. 2011).

The district court's decision to apply an exception to CAFA jurisdiction is reviewed de novo. *Arbuckle Mountain Ranch of Tex. Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016), *cert. denied* 136 S. Ct. 2522 (2016). The application of the local controversy exception depends on the status of the complaint as of the time of the removal. Congress intended to confer broad federal jurisdiction through CAFA and so "[a]llowing [a plaintiff] to avoid federal jurisdiction through a post-removal amendment conflict with the policy underlying CAFA. *Id.* at 341

(quoting *Cedar Lodge Plantation v. CSHV Fairway View I*, 768 F.3d 425, 426 (5th Cir. 2014)).

## II.     THE DISTRICT COURT ERRED IN FINDING THAT TWO-THIRDS OF THE CLASS ARE MICHIGAN CITIZENS

The district court's decision deviated from the great weight of authority in failing to require Appellees to establish that two-thirds or more of the class members were Michigan citizens through admissible evidence, and by allowing a mere allegation of Michigan residence to create a presumption of Michigan domicile—and, by extension, Michigan citizenship.

### A.     The District Court Misconstrued the Composition of the Proposed Class

The Complaint alleged that the eight named plaintiffs were "residents of Flint" during "all relevant times." (R.E. 8-1, First Amended Class Action Complaint, p. 3, ¶ 2, Page ID# 378). The district court apparently assumed that the unnamed class members must also be residents of Flint. But this assumption is unjustified. The Complaint does not limit the class to Michigan citizens or even Michigan residents by its own terms.[3] Unlike most class action complaints, the Complaint here did not

---

[3]     It would appear that the district court mistakenly assumed that the term "plaintiffs" encompassed unnamed class members. For instance, footnote 1 of the district court's order noted that the Notice of Removal had stated that Plaintiffs were citizens of Michigan (R.E. 23, Remand Order, p. 8, Page ID# 1465). However, stating the citizenship of the named Plaintiffs says nothing about the citizenship of the unnamed class members. Class members are represented by the plaintiffs vicariously but are not

contain an explicit class definition. The ambiguity of the proposed class is important. The only apparent boundary to the class is that members must have been exposed to the allegedly hazardous water. (*Id.*, p. 4, ¶ 7, Page ID# 379). The class definition is critical to determine whether the local controversy exception applies. *Arbuckle Mountain*, 810 F.3d at 339. It establishes the overall size of the class—the denominator of the required two-thirds fraction. As proponents of the exception, Appellees were burdened to delineate the boundaries of the class so that a reasonable estimate of the fraction can be made. Any ambiguity in the class definition must be resolved in favor of federal jurisdiction where, as here, the basic CAFA requirements have been met. *Id.* at 342-43.

Based on the types of damages asserted, the proposed class apparently encompasses any individual exposed to and injured by water from the Flint supply system, regardless of where that person resided. (R.E. 8-1, First Amended Class Action Complaint, p. 4, Page ID# 379). Moreover, the class must include property damage claimants and property owners who allegedly sustained a loss in value from the alleged stigma attached to property in the Flint area because of publicity related to the lead contamination issue. (*Id.*, p. 19, ¶ 92, Page ID# 394). Class membership would seemingly include every property owner in the Flint area—individual or legal entities, residents and nonresidents alike.

---

litigants themselves. *Schorsch  v. Hewlett-Packard Co*, 417 F.3d 748, 750 (7th Cir. 2005).

With the true breadth of the proposed class in view, it is apparent that many categories of noncitizens may be members, including: (1) visitors to Flint who were exposed to, and injured by, the water; (2) temporary residents lacking an intent to remain in Michigan indefinitely, such as college students and military personnel upon temporary assignments; (3) persons who resided in Flint, but who were not United States citizens; (4) persons who were Michigan citizens at the time of exposure, but who later established citizenship in other states;[4] (5) individuals who are not Michigan citizens, but who owned property in Flint; and (6) non-natural persons, who are not Michigan citizens, but who owned property in Flint. Plaintiffs offered no evidence proving that these noncitizen categories comprised less than one-third of the class. They did not meet their burden of proof and the district court lacked any basis in the record for concluding that they did.

## B.     Residence Does Not Establish Citizenship

In framing their Motion to Remand, Plaintiffs assumed that *residence* in Flint at the time of the alleged contamination may be equated with having Michigan *citizenship* at the time suit was filed. This is not so. For an individual, state citizenship for diversity purposes is equated with domicile. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). Domicile, in turn, is *not* established by proof of residence alone. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).

---

[4]     Citizenship of a party, for diversity purposes, is determined as to the time the suit is removed. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

13

Intent to reside must also be considered. "[D]omicile is established by physical presence in a place *in connection with a certain state of mind concerning one's intent to remain there*." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (emphasis added). The required intent may be determined from examining the totality of circumstances connecting an individual with a particular state. *Perez v. Santeaella*, 364 F.3d 348, 351 (1st Cir. 2004); *Albury v. Daymare Colleges Grp.*, 2012 WL 524480 (W.D. Ky. Feb. 15, 2012). To acquire a domicile in a particular state, the person must be physically present in the state and have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere. *Stifel v. Hopkins*, 477 F.2d 116, 1120 (6th Cir. 1973). Consequently, "mere averment of residence in a particular state is not an averment of citizenship in that state for purposes of jurisdiction." *Steigleder v. McQuesten*, 188 U.S. 141, 143 (1905), quoted in *Boyd v. QDRO Office*, 2014 WL 4715859 at *3 (N.D. Ohio Sept. 22, 2014).

Since the class in question was not limited to individuals, the state citizenship of non-natural persons must also be considered. A corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005). Unincorporated associations are regarded as citizens of the states where their members are citizens. *Americold Realty Tr. v. Conagra Foods, Inc.*, 194 S. Ct. 1012, 1015 (2016) (real estate investment trust).

14

Use of residence as a surrogate for citizenship would be contrary to the text of CAFA and settled principles of statutory construction. Congress could have conditioned the local controversy exception upon a certain fraction of state residents. Instead it specifically used the term "citizen." 28 U.S.C. § 1332 (d)(4)(A)(i). The deliberate use of a term that has been given an authoritative meaning in a particular field of law is a strong indication that Congress intended to use the term in the same sense. ANTONIN SCALIA AND BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS (Thomson West 2012), pp. 322-26. Presumably, therefore, Congress meant the courts to apply the domicile test to state citizenship for purposes of the exception. As shown below, the appellate courts that have considered the issue have consistently rejected proof of residence as a sufficient proof of state citizenship.

### C. The District Court Failed to Place the Burden of Establishing the Exception Upon Appellees and Improperly Placed It On Appellants

#### 1. *The Courts Require Proof Beyond a Prima Facie Link Between Residence and Domicile*

As indicated, Appellees submitted no proof in connection with their Motion to Remand other than their Complaint, which did not limit the class to Michigan citizens. Nevertheless, the district court found that the two-thirds requirement was satisfied. The district court purported to apply a rule that "evidence of a person's residence . . . is prima facie proof of his domicile." (R.E. 23, Remand Order, p. 6, Page ID# 1463, *quoting Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)).

15

But this general principle does not relieve parties opposing federal jurisdiction under the CAFA jurisdictional exceptions from the obligation to *prove* the domicile of the class members. *Reece v. AES Corp.*, 638 F. App'x 755, 768 (10th Cir. 2016).

No appellate court has allowed a mere pleading of residence to stand as surrogate for domicile or sufficient proof of state citizenship. Indeed, the courts have rejected such attempts. As the Ninth Circuit recently observed, CAFA requires the court to make factual findings based on a preponderance of the evidence. "The statute does not say that remand can be based simply on a plaintiff's allegations when they are challenged by the defendant." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013).

## 2. *The Authority Cited by the District Court Does Not Support its Decision*

In *Preston*, the Fifth Circuit reversed a remand order in a case brought on behalf of patients at two New Orleans hospitals at the time of Hurricane Katrina and its aftermath. Plaintiffs presented evidence that the medical records of the patients showed that more than two-thirds of the patients had Louisiana addresses. This proof was insufficient. "A party's residence in a state alone does not establish domicile . . . . Therefore, the medical records are not tantamount to sufficient proof of citizenship." 485 F.3d at 798 (citations omitted). The Fifth Circuit specifically rejected the argument that domicile could be conclusively presumed from residence. *Id.* at 799. "It is clear that movant must make some minimal showing of the citizenship of the

16

proposed class at the time suit was filed . . . . In any sufficiency of the evidence analysis, even under the exceptional circumstances of the hurricane, attendant flooding, and forced evacuation, plaintiffs must offer more than conclusory statements to prove citizenship at the relevant time period." *Id.* at 802-03. *Preston* involved a shorter loss duration period than the present case and cannot be reconciled with the district court's analysis.

Thus, the Fifth Circuit's decision in *Hollinger* cited by the district court did not suggest that a party seeking to invoke the exceptions could rely on the bare pleading of residence. In light of the Fifth Circuit's prior holding in *Preston*, it could not have done so. *Preston*, 485 F.3d at 798. Indeed, the district court in *Hollinger* did not merely rely on such a pleading, but took judicial notice of census data showing the relocation rate of Texas residents during the relative time period and the percentage of Texas residents who are not United States citizens. Moreover, the statute upon which the plaintiffs based their claims was limited to policies written in Texas. *Hollinger*, 654 F.3d at 572. The "intent to remain" element of domicile was sufficiently proven by evidence that the class members had registered and insured vehicles in the state, thereby showing an intent to remain. *Id.* at 574. By contrast, Plaintiffs here submitted no data regarding the likely rate of continued residence in Flint, the likely number of United States citizens, or the number of injured Flint residents who intend to remain there.

17

The district court also cited *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364 (E.D. La. 2007), a case which pre-dated the key holding in *Preston*. The class in *Caruso* was comprised of Louisiana residents who had purchased homeowners insurance policies from six insurance companies. The district court reasoned that the class members had, by definition, established residences in Louisiana and had insured them. "Owning a home is an indicium of domicile." *Id.* at 367. It is questionable whether the *Caruso* court adequately enforced the movant's burden of establishing a jurisdictional exception. In any event, unlike *Caruso*, the class here is not a homeowner class. It encompasses all types of personal injury and property damage arising from the use of Flint River water, including damage to nonresidential property and personal injury damages that may have been sustained by nonresidents. The class composition alone cannot supply the proof that Plaintiffs require to invoke the local controversy exception. Indeed, if Plaintiffs wished to dispense with the requirement of proving class member citizenship, it was incumbent upon them to limit the class to forum state citizens. *See Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 2016 WL 1030143 at *4 (D.N.J. Mar. 15, 2016) (collecting cases). They did not do so and thus had the burden to produce evidence of state citizenship. They failed to do so.

### 3.    *The District Court's Approach Has Been Rejected in Other Toxic Exposure Cases*

The district court's approach of allowing a pleading of Michigan residency to stand as proof of Michigan domicile—and consequently Michigan citizenship—is

18

inconsistent with the treatment of the citizenship issue by the appellate courts. In *Evans*, for example, the Eleventh Circuit reversed a remand order in an action brought against several defendants by a class of persons who had been exposed to waste substances from a manufacturing facility that the defendants had operated. 449 F.3d at 1161. As in this case, the proposed classes included both property owners and individuals allegedly injured by the exposure. Plaintiffs attempted to satisfy their burden of proving citizenship by identifying potential class members and submitting evidence that over 90 percent of the persons sampled were Alabama residents. The Eleventh Circuit held that the evidence was insufficient. Among other reasons, "we have no way of knowing what percentage of the plaintiff class are Alabama citizens." *Id*. at 1166.

The district court here attempted to distinguish *Evans* on the basis that *Evans* involved a much longer time period of exposure than the present case and, thus, presumably afforded a greater risk that the affected residents and property owners would lose their Alabama citizenship over time. (R.E. 23, Remand Order, p. 7, Page ID# 1464). But this distinction disregards the actual holding in *Evans*, which was based not merely on the relatively long time period involved, but on the movant's failure to provide credible evidence of current citizenship of the class members. 449 F.3d at 1166. The district court's approach cannot be reconciled with this holding.

*Reece* was an environmental contamination case brought on behalf of "citizens and/or residents and/or property owners" within a certain distance of the offending facility. 638 F. App'x at 759. The court directly held that the limitation of the class to residents was insufficient to establish state citizenship. "A demonstration that the proposed class members are properly owners or residents of that state will not suffice in the absence of further evidence demonstrating citizenship." *Id*. at 772.

### 4.    *Sensible Guesswork About Class Citizenship is No Substitute for Evidence*

Perhaps the leading case addressing proof of citizenship for purposes of the CAFA jurisdictional exceptions is *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010). This antitrust class action was originally brought in Kansas state court and later removed under CAFA. Plaintiffs sought remand under the home state exception. The class definition comprised the persons and entities whose cell phones had Kansas telephone numbers or who used Kansas addresses for their telephone bills. *Id*. at 671. Plaintiffs submitted no evidence about citizenship in connection with their motion to remand. Nevertheless, as in the present case, the district court concluded that the composition of the class alone made it more likely than not that two-thirds of the class members were Kansas citizens.

The Seventh Circuit observed that the conclusion has some superficial appeal: "one would think that the vast majority of them view it as their true home." *Id.* at 673. It was fairly unlikely that other types of noncitizen individuals, such as military

20

personnel or out-of-state college students temporarily residing in Kansas, would comprise more than one-third of the class. Nevertheless, "That's all guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless." *Id.* at 674. The failure to limit explicitly the class to Kansas citizens or to provide proof that two-thirds of the proposed class members were actually Kansas domiciliaries was fatal to the remand motion. *Id.* at 675-76. The district court's analysis here at best comprises the same type of "sensible guesswork" that the Seventh Circuit specifically rejected.

### 5.  *The District Court's Approach Conflicts With Other Courts in this Circuit*

In *Lancaster v. Daymar Colleges Grp., LLC*, 2012 WL 884898 (W.D. Ky. Mar. 14, 2012), the court considered a proposal by class plaintiffs, whose motion to remand had been rejected, to apply a rebuttable presumption that residence within a state sufficiently established a person's citizenship. The court declined the invitation, noting that it was inconsistent with the general rule in *Breuer* that the plaintiff has the burden to establish the application of an express exception to a grant of jurisdiction. *Id.* at *3. The court further observed that no Circuit court had applied such a presumption and that *Preston* had expressly rejected it. *Id.* Finally, the court concluded that Congress intended plaintiffs to bear the burden of proving an exception to CAFA jurisdiction. The jurisdictional grant was to be read broadly "with a strong preference that interstate class actions should be heard in a federal court if properly

removed by any defendant." *Id*. at *4, citing S. REP. NO. 109-14, p. 43 (2005). Allocating the burden of establishing the requirements for the exceptions to jurisdiction is important to ensure plaintiffs do not evade federal jurisdiction with vague class definitions or efforts to obscure the citizenship of the class members. *Id*. Nothing in the legislative history suggests that the burden of proof may be reallocated to the defendants based on some lesser showing by the plaintiffs of some alternate fact, such as residence. *Id*. *See also Albury v. Daymar Colleges Grp., LLC*, 2012 WL 884902 (Mar. 14, 2012) (same).

### 6.     *Appellants Had No Obligation to Refute Evidence of Citizenship That Appellees Did Not Provide.*

The district court here found that sufficient proof of citizenship of the proposed class existed based on the contours of the proposed class, the concentration of injury in a specific location in Michigan during a short period of time "and the absence of evidence suggesting otherwise." (R.E. 23, Remand Order, p. 7, Page ID# 1464). The reference to the "absence of contrary evidence" is telling. The district court effectively placed an evidentiary burden on the defendant to negate a CAFA jurisdictional exception. Under the cited authority, however, the LAN Defendants had no such burden. It was incumbent upon Appellees to establish the citizenship of the class members. They simply failed to do so.

**III.  THE DISTRICT COURT ERRED IN FINDING THAT A LOCAL DEFENDANT'S CONDUCT FORMED A SIGNIFICANT BASIS OF THE COMPLAINT**

The local controversy exception requires that the movant establish that at least one defendant is a "local defendant" forum citizen whose conduct forms a "significant basis" of their claims *and* from whom the class seeks "significant relief." 28 U.S.C. § 1332(d)(4)(A)(i)(II). The term "significant basis" is not defined in CAFA and this Court has not yet addressed it.

**A.  The Local Defendant's Conduct Must Be Important in Comparison to the Conduct of Other Defendants**

Three general textual observations are important. First, "significant basis" is an entirely separate and distinct requirement from the requirement that the class seek "significant relief" from the local defendant. The two requirements are placed in separate subsections. Consequently, it is clear that satisfying one requirement does not necessarily satisfy the other. This result is consistent with the judicial policy of construing statutes to avoid surplusage. *Doe v. Boland*, 698 F.3d 877, 881 (6th Cir. 2012).

Second, it is the local defendant's *conduct* that must provide the significant basis for the claims. The application of the exception depends on what the local defendant actually did rather than some other potential basis for liability such as vicarious liability. *See Opelousas Gen. Hosp. Auth.,* 665 F.3d at 363; *Evans*, 449 F.3d at 1167, n.7.

23

Third, the defendant's conduct must be a *significant* basis of the class claims. The use of this undefined adjective indicates that it is meant in its ordinary sense of "important, notable." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009). "The local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." *Id*. The requirement is not satisfied by evidence that role of the local defendant was "not trivial or of no importance." *Id*.

CAFA's legislative history is also important. As observed by the court in *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1265-66 (10th Cir. 2014), Congress intended that the exception be narrow with all doubts resolved in favor of exercising jurisdiction. Hence the alleged conduct of the local defendant must be central to the case and the defendant must be a "primary focus" of the claims, not merely a "peripheral defendant." *Id.* at 1266, *citing* S. REP. NO. 109-14 at 38.

## B.     The District Court Failed to Apply the Appropriate Significant Basis Text

Plaintiffs failed to present proof that the conduct of the sole Michigan defendant, LAN P.C., "formed a significant basis of the claims asserted by the proposed class." Indeed, their motion to remand was not supported by any evidence permitting a comparison of the role of LAN P.C. to that of the other defendants. Nevertheless, the district court concluded, based entirely on the allegations of the Complaint, that: "[h]ere, Plaintiffs seek direct, significant relief on behalf of all class

24

members against LAN P.C. Based upon Plaintiffs' allegations, LAN P.C. is not a nominal defendant, but is the Michigan-licensed professional engineer through with [sic] LAN, Inc. and Leo A. Daly Company operated in Michigan." (R.E. 23, Remand Order, pp. 9-10 Page ID# 1466-1467).

The district court's analysis is flawed from the outset because it refers to the relief sought by Plaintiffs as a relevant consideration. The district court failed to recognize that seeking "significant relief" from a local defendant, while necessary, is not sufficient. The requirement that the local defendant's conduct form a "significant basis" for the claim is distinct and independent.

Nor does evidence that the local defendant is not a merely a nominal defendant suffice. Rather, the test for determining whether the conduct of the local defendant is a significant basis of the claim is inherently comparative. The district court must compare the actions of the local defendant to those of the entire body of defendants as a whole. *Kaufman* 561 F.3d at 156; *Evans*, 449 F.3d at 1167; *Westerfeld*, 621 F.3d at 825.

The district court's order cites some of this authority, but fails to apply the prescribed test. It does not compare the conduct of LAN P.C. to that of LAN Inc. That the Complaint alleges that LAN Inc. provided its services "through LAN P.C." does not suffice. The vague phrase "through LAN P.C." could mean anything from LAN Inc. subcontracting its work to LAN P.C., to LAN P.C. serving as a paper entity only,

providing a Michigan entity as a front for work actually performed by LAN Inc. It does not necessarily denote that LAN P.C.'s conduct was important in bringing about the class claims.

It is axiomatic that a corporation can act only through its employees and officers. *See Barclae v. Zarb*, 300 Mich. App. 455, 472, 834 N.W.2d 100 (2013); *People v. Am. Med. Ctrs. of Mich., Ltd.*, 118 Mich. App. 135, 156, 324 N.W.2d 781 (1982). The Complaint failed to identify the discrete acts constituting negligence that formed the basis of the claim or to identify the individuals—and by extension the corporations—responsible for these acts. The Complaint does not allege that the actual acts or omissions forming the basis of their claims were attributable to LAN P.C. employees or officers as opposed to those LAN Inc. The Complaint simply does not provide an adequate basis to make the kind of comparative analysis the "significant basis" requirement mandates.

If anything, Plaintiffs' Complaint downplays the role of LAN P.C. relative to LAN Inc., suggesting that LAN P.C. was formed so that LAN Inc. could take advantage of LAN P.C.'s license to do the actual work. It even alleges, upon information and belief, that the vast majority of services were conducted at LAN Inc.'s Chicago office. (R.E. 8-1, First Amended Complaint, pp. 3-4, ¶ 3, Page ID# 378-379). It does not identify a single act of professional negligence committed by any individual employed by LAN P.C. or by any LAN P.C. officer or principal.

To a large extent, the First Amended Complaint does not differentiate the actual roles of the Defendants, conflating them in the single term, "LAN." (*Id.*, p. 3, Page ID# 378). The vagueness of the Complaint about the respective roles of the Defendants tells against applying the local controversy exception. *See Woods*, 771 F.3d at 1266. Again, it was Plaintiffs' burden to establish the exception. If the allegations of the Complaint do not permit a conclusion that LAN P.C.'s role was significant in relation to the other defendants, Plaintiffs simply failed to fulfill their burden.

### C.   Courts Have Refused to Find the Local Defendant's Conduct Was a Significant Basis for the Claim Under Similar Circumstances

In *Evans*, the Eleventh Circuit found that the local controversy exception could not be applied in an environmental contamination case where there was no evidence that the alleged local defendant's conduct formed a significant basis for the class's claim. Plaintiffs submitted only their complaint and an attorney's affidavit, but the evidence "offer[ed] no insight into whether [local defendant] played a significant role in the alleged contamination, as opposed to a lesser role, or even a minimal role." 449 F.3d at 1167.

Similarly, in *Opelousas Gen. Hosp. Auth.*, the Fifth Circuit held that the local controversy exception did not permit remand in a case where a hospital alleged that a medical bill review company and two insurers (including the local defendant)

27

conspired to underpay the hospital. The hospital contended that the "significant basis" analysis had to be confined to the allegations of the complaint. The Fifth Circuit disagreed, but held that even if the analysis were so confined, the hospital still failed to meet its burden:

> Clearly, nothing in the complaint distinguishes the conduct of [the local defendant] from the conduct of the other defendants. The complaint makes no effort to quantify or even estimate the alleged illegal underpayments made by [the local defendant] versus those made by [the other insurer]. The complaint therefore does not allege facts describing [the local defendant's] conduct so as to establish that [its] conduct forms a significant basis of the plaintiff's claims.

665 F.3d at 362. The Complaint here offers no basis for determining the relative importance of the conduct of the two LAN Defendants. It cannot serve as adequate proof that the requirements of the exception have been met.

### D. The District Court Erred in Failing to Consider Appellant's Contract Evidence

Courts are divided regarding whether the "significant basis" requirement must be determined from the allegations of the complaint alone or whether extrinsic evidence may be consulted. *Cf. Coleman v. Estes Express Lines*, 631 F.3d 1010, 1016 (9th Cir. 2011) (complaint only); *Opelousas Gen. Hosp. Auth.*, 655 F.3d at 361 (considering extrinsic evidence). Appellants contend that it is appropriate to consider not only the complaint but any other evidence in the record. Doing so would be consistent with the practice with respect to other requirements of the exception. It has never been questioned that evidence external to the complaint may be considered

when determining whether two-thirds or more of the class members are forum state citizens. Indeed, under the authority cited, the party seeking remand would almost always require such evidence.

The exception requires that the local defendant's "alleged conduct forms a significant basis of the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). The reference to "alleged conduct" frees the movant from actually proving that the defendant actually did the acts stated in the complaint. It does not, however, prevent the defendant from demonstrating its actual role in the case in relation to the other defendants. Permitting extrinsic evidence is also consistent with the Congressional policy determination that the local defendant be the primary focus of the litigation. *See Woods*, 771 F.3d at 1266.

If evidence beyond the Complaint may be considered in connection with the "significant basis" requirement, the district court erred in failing to address significant evidence provided by Appellants. The Response to the Motion to Remand submitted a copy of the contract between the City of Flint and LAN Inc. for the work related to Flint water plant. (R.E. 14-3, Contract Documents). This contract shows that LAN, Inc. was to be responsible for the work performed by the LAN entities. LAN P.C., the local defendant, is not a signatory to that contract. The contract provides the only direct evidence by which the respective roles of LAN Inc. and LAN P.C. may be

compared for purposes of the "significant basis" requirement and demonstrates that

LAN P.C.'s conduct does not form a significant basis of the class claims.

## IV.    CONCLUSION

The LAN Defendants respectfully request that the Court reverse the order of the

district court remanding the case to state court, and direct the district court to assume

jurisdiction of the case.

Respectfully submitted,

**SEDGWICK LLP**                         **PLUNKETT COONEY**

By:    Wayne B. Mason            By:    s/ Robert G. Kamenec
       S. Vance Wittie                  Robert G. Kamenec
       1717 Main Street, Suite 5400     Philip A. Erickson
       Dallas, TX 75201                 38505 Woodward Ave., Ste. 2000
       (469) 227-8200                   Bloomfield Hills, MI 48304
       wayne.mason@sedgwicklaw.com      (248) 901-4068
       vance.wittie@sedgwicklaw.com     rkamenec@plunkettcooney.com
                                        perickson@plunkettcooney.com

*Attorneys for Defendants-Appellants*
*Lockwood, Andrews & Newnam, PC*
*and*
*Lockwood, Andrews & Newnam, Inc.*

Dated: October 4, 2016

# CERTIFICATE OF COMPLIANCE

STATE OF MICHIGAN    )
                                        ) ss.
COUNTY OF OAKLAND )

ROBERT G. KAMENEC, being first duly sworn, certifies and states the following:

1.      He is a shareholder with the firm Plunkett Cooney, designated as lead counsel, and is responsible for preparation of the brief on appeal in the above-captioned cause;

2.      The brief on appeal complies with the type-volume limitation;

3.      Plunkett Cooney here relies on the word count of their word processing system used to prepare the brief, using Times New Roman Numeral size 14 font; and

4.      The word processing system counts the number of words in the brief as 7,111.

s/ Robert G. Kamenec
ROBERT G. KAMENEC

## CERTIFICATE OF SERVICE

ROBERT G. KAMENEC, attorney with the law firm of PLUNKETT COONEY, being first duly sworn, deposes and says that on the 4th day of October, 2016, he caused a copy of DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, P.C. and LOCKWOOD, ANDREWS & NEWNAM, INC.'S BRIEF OF APPELLANTS to be served upon all parties of record, and that such service was made electronically upon each counsel of record so registered with the United States Court of Appeals for the Sixth Circuit, and via U.S. Mail to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

By:    s/ Robert G. Kamenec
       Counsel for Defendants-Appellants
       Robert G. Kamenec
       Philip A. Erickson
       38505 Woodward Ave., Ste. 2000
       Bloomfield Hills, MI 48304
       (248) 901-4068
       rkamenec@plunkettcooney.com

1

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Description of entry no. | Date | Record entry no. | Page ID# |
|---|---|---|---|
| Notice of Removal | 2/23/16 | 1 | 1-27 |
| Class Action Complaint | 2/23/16 | 1-1 | 28-66 |
| First Amended Class Action Complaint | 3/18/16 | 8-1 | 376-395 |
| Plaintiffs' Motion to Remand | 3/24/16 | 10 | 646-674 |
| Response to Plaintiffs' Motion to Remand | 4/11/16 | 14 | 747-784 |
| Contract Documents | 4/11/16 | 14-3 | 807-913 |
| Remand Order | 5/11/16 | 23 | 1458-1469 |

Open.25633.61624.17508860-1