**16-2313**

IN THE

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## FOR THE SIXTH CIRCUIT

---

JENNIFER MASON; CARL ROGERS, II; TERESA SPRINGER; JEFFREY DUSHANE;
DEBORAH CULVER; TRISTIN HASSELL; ADAM DILL; DAVID YEOMAN

*Plaintiffs -- Appellees*

--- V. ---

LOCKWOOD, ANDREWS & NEWNAM, P.C., a Michigan corporation;
LOCKWOOD, ANDREWS NEWNAM, INC., a Texas corporation

*Defendants – Appellants*

AND

LEO A. DALY COMPANY, a Nebraska corporation

*Defendant*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
CASE NO. 5:16-CV-10633-JCO-MKM

---

# REPLY BRIEF OF APPELLANTS

---

**SEDGWICK LLP**

By:   Wayne B. Mason
      S. Vance Wittie
      1717 Main Street, Suite 5400
      Dallas, TX 75201
      (469) 227-8200
      wayne.mason@sedgwicklaw.com
      vance.wittie@sedgwicklaw.com

**PLUNKETT COONEY**

By:   Robert G. Kamenec
      Philip A. Erickson
      38505 Woodward Ave., Ste. 2000
      Bloomfield Hills, MI 48304
      (248) 901-4068
      rkamenec@plunkettcooney.com
      perickson@plunkettcooney.com

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. iii

ARGUMENT ..................................................................................... 1

I.    STANDARD OF REVIEW .......................................................... 1

II.   APPELLEES DID NOT ESTABLISH THAT TWO-THIRDS OF
      THE CLASS MEMBERS ARE MICHIGAN CITIZENS ........................... 2

      A.    Localized Harm Is Not an Adequate Basis to Apply the
            Exception ......................................................................... 2

      B.    The Class Is Not Limited to Michigan Citizens or
            Residents .......................................................................... 3

      C.    A Pleading of Residence Does Not Satisfy the
            Citizenship Requirement ..................................................... 4

            1.    Appellees' Rebuttable Presumption
                  Approach Has Been Broadly Rejected ........................ 4

            2.    CAFA's Text and Legislative History Reject
                  the Rebuttable Presumption Approach ........................ 6

            3.    Appellees' Cited Cases Do Not Support the
                  Rebuttable Presumption Approach ............................. 8

      D.    The Untimely Census Data Does Not Meet Appellees'
            Burden .............................................................................. 9

III.  THE CONDUCT OF THE MICHIGAN DEFENDANTS DID
      NOT FORM A SIGNIFICANT BASIS OF THE CLASS CLAIMS ............. 9

      A.    The Significant Basis Requirement Turns on the
            Defendants' Conduct .......................................................... 9

      B.    Appellees Do Not Show That the Michigan Defendant's
            Conduct Was Comparatively Significant .............................. 10

C.    Local Defendants Joined After Removal May Not Be
Considered ........................................................................................13

IV.    CONCLUSION ........................................................................................14

CERTIFICATE OF COMPLIANCE ........................................................................15

CERTIFICATE OF SERVICE ................................................................................1

# TABLE OF AUTHORITIES

Page

## CASES

*Albury v. Daymar Colleges Grp., LLC*,
  2012 WL 884902  (W.D. Ky. Mar. 14, 2012)............................................. 6, 7, 8

*Allen v. Boeing Co.*,
  821 F.3d 1111 (9th Cir. 2016) .............................................................12

*Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*,
  810 F.3d 335 (5th Cir. 2016) .............................................................1, 3

*Benko v. Quality Loan Serv. Corp.*,
  789 F.3d 1111 (9th Cir. 2015) .............................................................11

*Breuer v. Jim's Concrete of Brevard, Inc.*,
  538 U.S. 691 (2003) .......................................................................7

*Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*,
  768 F.3d 425 (5th Cir. 2014) .............................................................13

*Cmty. for Creative Non-Violence v. Reid*,
  490 U.S. 730 (1989) .......................................................................6

*Eagle's Nest LLC v. Moy Toy LLC*,
  2014 WL 4655277 (W.D. Tenn. Sept. 16, 2014) ...................................8

*Evans v. Walter Indus. Co.*,
  449 F.3d 1159 (11th Cir. 2006)................................................... 1, 2, 5

*Grupo Dataflux v. Atlas Global Grp., L.P.*,
  541 U.S. 567 (2004) ......................................................................13

*Hart v. FedEx Ground Package Sys.*,
  457 F.3d 675 (7th Cir. 2006)..............................................................2

*Hollinger v. State Farm Mut. Auto. Ins. Co.*,
  654 F.3d 564 (5th Cir. 2011) ..............................................................1

*Hutton v. Wilkinson,*
　　34 F. App'x 463 (6th Cir. 2002)...........................................................................9

*Kanter v. Warner-Lambert Co.,*
　　265 F.3d 853 (9th Cir. 2001) ...............................................................................6

*Kaufman v. Allstate N.J. Ins. Co.,*
　　561 F.3d 144 (3d Cir. 2009) ..............................................................................10

*Mondragon v. Capital One Auto Fin.,*
　　736 F.3d 880 (9th Cir. 2013) ...............................................................................5

*Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.,*
　　665 F.3d 358 (5th Cir. 2011) ........................................................................ 10, 12

*Preston v. Tenet Healthsys. Mem. Med. Ctr.,*
　　485 F.3d 793 (5th Cir. 2007) ..................................................................... 4, 5, 6, 9

*Reece v. AES Corp.,*
　　638 F. App'x 755 (10th Cir. 2016) .......................................................................5

*Von Dunser v. Aronoff,*
　　915 F.2d 1071 (6th Cir. 1990) ..............................................................................6

*Walker v. Iverson,*
　　509 F. App'x 394 (6th Cir. 2012)..........................................................................8

*Woods v. Standard Ins. Co.,*
　　771 F.3d 1257 (10th Cir. 2014) ..................................................................... 10, 13

## STATUTES

28 U.S.C. § 1332(d)(4)...........................................................................................2

28 U.S.C.§ 1332(d)(4)(A)(i)(II)............................................................................10

## OTHER AUTHORITIES

S. Rep. No. 109-14,
　　1st Session at 43 (2005)........................................................................................7

# ARGUMENT

## I.    STANDARD OF REVIEW

Appellees contend that the standard of review is clear error. Indeed, that would be the appropriate form of review if the question was whether the district court had erred in weighing competing evidence regarding a particular fact, such as whether two-thirds of the class members were Michigan citizens. *Hollinger v. State Farm Mut. Auto. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011).

The questions here, however, are legal ones. Appellants contend that a mere pleading that a class is comprised of residents of a city in Michigan is insufficient *as a matter of law* to satisfy the two-thirds citizenship requirement of the local controversy exception. Appellants also contend that the district court employed an incorrect standard in evaluating whether LAN, P.C. qualifies as an appropriate local defendant for purposes of CAFA's local controversy exception. This type of legal question was reviewed de novo in *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016) (reviewing allegation of complaint to determine composition of class for purposes of two-thirds requirement); *see also Evans v. Walter Indus. Co.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

## II.    APPELLEES DID NOT ESTABLISH THAT TWO-THIRDS OF THE CLASS MEMBERS ARE MICHIGAN CITIZENS

### A.    Localized Harm Is Not an Adequate Basis to Apply the Exception

Appellees stress the localized nature of the Flint water crisis, appearing to imply that the district court had the discretion, based on that factor alone, to remand the case or that the requirements of the exception should be read leniently to facilitate the remand of cases with localized injuries. This is not so. The local controversy exception to CAFA jurisdiction applies only where all of the statutory requirements are established. While the principal injuries must have been sustained in the forum state, it is also necessary to demonstrate that: (1) more than two-thirds of the class members are citizens of the forum state; (2) there is at least one qualified "local defendant"; and (3) there must not have been any other class actions with similar allegations during the three years preceding the filing of the suit. 28 U.S.C. § 1332(d)(4). These are not casual requirements. They were carefully crafted to ensure that CAFA's jurisdictional grant is not eaten away with loopholes. *Evans*, 449 F.3d at 1159, 1163 (11th Cir. 2006). Hence, the exceptions are to be *narrowly* construed with doubts resolved in favor of jurisdiction. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 682 (7th Cir. 2006).

### B.    The Class Is Not Limited to Michigan Citizens or Residents

Appellees contend that the "rigid contours" of the class ensure that two-thirds of the class members are Michigan citizens. But the proposed class is not rigidly defined. It is not limited to Michigan citizens or even Michigan residents. The cited passages in the Complaint indicate that *"Plaintiffs"* are residents, not the class members. The statement that Flint residents have, and will, continue to suffer from injuries does not form any part of a class definition. It is merely a statement that Flint residents have sustained injury.

Where the class composition is uncertain, courts employ a natural reading of the complaint as a whole. *Arbuckle Mountain Ranch*, 816 F.3d at 340-41. Nothing in the Complaint suggests that Appellees do not seek to represent nonresidents that sustained injury as a result of the Flint water crisis. Based upon the broad array of personal injury, property damage, and economic loss alleged, the class is most naturally read as including all individuals and entities who sustained a water-related injury. Consequently, the class contains the six categories of non-Michigan citizens identified in page 12 of Appellant's Brief.  Appellees were burdened to demonstrate that more than two-thirds of the class were Michigan citizens at the time of removal. The composition of the class alone cannot supply this proof.

3

### C.    A Pleading of Residence Does Not Satisfy the Citizenship Requirement

Appellees' position, if erroneous, has the virtue of simplicity. They contend that the class is comprised of Flint, Michigan residents and that residence is prima facie evidence of state citizenship. This is enough, they contend, to satisfy their burden of proof in the absence of countervailing evidence suggesting that a substantial number of residents are noncitizens. In other words, residency creates a rebuttable presumption of state citizenship.

#### 1.    *Appellees' Rebuttable Presumption Approach Has Been Broadly Rejected*

But this approach has been rejected by every appellate court to consider it. In *Preston v. Tenet Healthsys. Mem. Med. Ctr.*, 485 F.3d 793, 799 (5th Cir. 2007), the party seeking removal made precisely the same argument. "Touro argues that proof of citizenship based on a party's residence alone permits the district court to assume that a person's state of residence and state of citizenship are the same unless rebutted with sufficient evidence." *Id*. The *Preston* court surveyed the existing authority and found that, although a number of courts had used the prima facie language, "in these lawsuits the moving party did not ultimately prevail just because the other party offered no rebuttal evidence. Instead, the court considered the entire record to determine whether the evidence of residency was simultaneously sufficient to establish citizenship." *Id*. at

800. The Fifth Circuit held that the movants' evidence that established billing addresses in Louisiana, was insufficient to establish Louisiana citizenship.

Every appellate court to consider the issue has agreed with *Preston*. *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) noted that, "[T]o be sure the place of residence is prima facie the domicile," but that nevertheless mere allegations of residence may not be equated to citizenship. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) held that, when challenged by defendants, a claimant may not rely upon mere pleading allegations, but must submit evidence sufficient to establish the citizenship of the class. In *Evans*, the plaintiffs actually *did* present evidence: an affidavit indicating that, based upon interviews conducted by counsel, over 90 percent of the class members were Alabama residents. This evidence did not satisfy plaintiffs' burden of proof. "We have no way of knowing what percentage of the plaintiff class are Alabama *citizens*." *Evans*, 449 F.3d at 1166 (emphasis added). Where citizenship is actually a disputed issue, proof of residence alone is not enough.

Appellees try to wave away this authority by arguing that special circumstances in these cases suggested that the citizenship of the class might not be reliably gauged from residence, and that such circumstances are absent here. On the contrary, each of the cases, even if some of them mentioned additional factors such as passage of time, is based on the bedrock holding that residence does not equal citizenship. Moreover,

some of the cases, such as *Preston*, were as limited in time and geography as the present case. The *Preston* class was comprised of patients at certain hospitals in New Orleans during Hurricane Katrina. *Preston*, 485 F.3d at 796. Appellees provide no reliable basis for distinguishing the multiple appellate cases rejecting the residence-equals-citizenship formula.

### 2. *CAFA's Text and Legislative History Reject the Rebuttable Presumption Approach*

No rationale grounded in the text or policy of CAFA suggests that this Court should deviate from the holdings of the other Circuits. Congress chose to base the local controversy exception on the citizenship, rather than the residence, of the proposed class. When CAFA was enacted in 2005, the distinction between residence and citizenship had long been articulated by the courts. *See, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Where Congress uses a term with an established meaning, courts must infer that, unless the statute otherwise dictates, Congress intended to incorporate that established meaning. *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989). It must be assumed that Congress understood that a showing of citizenship rather than mere residence triggered the exception.

The district court in *Albury v. Daymar Colleges Grp., LLC*, 2012 WL 884902 at *3 (W.D. Ky. Mar. 14, 2012) considered and rejected the same rebuttable presumption argument that Appellees make here. The court noted the general principle that the

burden is upon the plaintiff to establish an express exception to the right to remove a

case. *Id*. (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003)).

As indicated, none of the appellate courts had applied the presumption:

> Given the Supreme Court's guidance in *Breuer* that a
> plaintiff bears the burden of identifying an express
> exception to removal under 28 U.S.C. § 1441, this Court is
> not prepared to recognize the rebuttable presumption
> advocated by the Plaintiffs. Doing so would grant a
> plaintiff the ability to remand a case without carrying the
> whole burden of proving that a jurisdictional exception
> applies.

*Id.*

*Albury* observed that the legislative history of CAFA indicated a strong

preference for interstate class actions  to be heard in federal court, if properly

removed, and that this factor counseled in favor of placing the burden of establishing

citizenship on the plaintiffs. *Id*. at *4, citing S. Rep. No. 109-14, 1st Session at 43

(2005):

> The Committee Report does not mention the rebuttable
> presumption sought by the Plaintiffs, and not once does it
> indicate that any of the Plaintiff's burden should shift back
> to the defendant after the criteria for removal have been
> satisfied. In fact, it indicates the opposite, that CAFA's
> jurisdictional exceptions should apply "only if the
> proponents of [those exceptions] clearly demonstrate that
> each and every of the [] criteria are satisfied in the case at
> issue."

*Id*., quoting S. Rep. No. 109-14 at 39.

### 3.    *Appellees' Cited Cases Do Not Support the Rebuttable Presumption Approach*

Both the district court order and Appellees' Brief proceed from the mistaken assumption that a pleading of residence, a status that falls short of citizenship, may nonetheless be equated to citizenship if defendants provide no countervailing evidence. But, as *Albury* indicates, this argument simply places the burden of proof on the wrong party.

Plaintiffs' citation to *Eagle's Nest LLC v. Moy Toy LLC*, 2014 WL 4655277 (W.D. Tenn. Sept. 16, 2014) does not advance their argument. The district court in that case did not base its decision on a mere pleading of residence, but upon evidence from the county assessor and homeowner association rolls showing that almost half of the members of the property owner class had a Tennessee address of record. *Id*. at *4 (citing *Walker v. Iverson*, 509 F. App'x 394, 395 n.1 (6th Cir. 2012).[1]

Likewise, *Fort Knox Transit v. Humphrey*, 151 F.2d 602 (6th Cir. 1945) (per curiam) only employed the maxim that residence is prima facie evidence of citizenship to uphold jurisdiction in a case where it had not been challenged. It did not relate to a situation like CAFA where the party seeking remand has the affirmative burden to prove citizenship. *Preston* considered *Fort Knox Transit*, among many other cases, in concluding that evidence of mere residency was insufficient to establish

---

[1]    *Eagle's Nest* involved the discretionary exception to CAFA jurisdiction. That exception requires that at least one-third of the class members are forum state citizens.

citizenship. "[Plaintiffs'] proposed approach for determining citizenship gives undue attention to the naked statements of law as opposed to the substance of the relevant opinions." *Preston*, 485 F.3d at 800.

Ultimately, Appellees' plea to adopt the residence-as-prima facie-evidence approach reflects neither the text nor the policy of CAFA, but a dogmatic devotion to "naked" statements of law. This Court should join the ranks of the Circuits that have rejected a mere pleading of residence as a basis to satisfy the two-thirds requirement of the local controversy exception.

### D.    The Untimely Census Data Does Not Meet Appellees' Burden

Appellees attach census data to their Brief. This evidence was not, however, before the district court. Appellees did not present it with their motion to remand, nor did the district court take judicial notice of the evidence under Federal Rule of Evidence 201. Evidence not before the district court is not part of the record reviewable by this Court. *Hutton v. Wilkinson*, 34 F. App'x 463 (6th Cir. 2002).

## III.    THE CONDUCT OF THE MICHIGAN DEFENDANTS DID NOT FORM A SIGNIFICANT BASIS OF THE CLASS CLAIMS

### A.    The Significant Basis Requirement Turns on the Defendants' Conduct

Appellees make the same mistake in their analysis of the "significant basis" requirement as did the district court. They fail to recognize that the "significant basis"

requirement is distinct from the requirement that the class seek "significant relief" from the local defendant. 28 U.S.C.§ 1332(d)(4)(A)(i)(II). Hence, Appellees' argument that all class members seek to hold LAN, P.C. liable for their injuries is unavailing. That fact may be sufficient to satisfy the "significant relief" requirement, but it proves nothing about the significance of LAN, P.C.'s *conduct*. For instance, in *Woods v. Standard Ins. Co.*, 771 F.3d 1257 (10th Cir. 2014), all class members sought to hold the individual local defendant responsible under at least one claim. Yet, that defendant was not a primary focus of the class allegations, and the Complaint failed to set forth any significant actions she had taken in relation to the other defendant. *Id*. at 1266-67.

The conduct test requires the reviewing court to focus upon what the local defendant actually did (or was alleged to have done). *Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 665 F.3d 358, 363 (5th Cir. 2011). Conduct that is not "significant," in the ordinary sense of "important" or "notable," in comparison with that of the other defendants, does not meet the test. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009).

### B.    Appellees Do Not Show That the Michigan Defendant's Conduct Was Comparatively Significant

Appellees are unable to show, based upon the allegations of their Complaint, that LAN, P.C.'s conduct was a significant basis of the class claims. They can point to no allegation where any specific act of professional negligence is attributed to LAN,

P.C., its officers, or employees. Appellees merely repeat the assertion that LAN, Inc. performed its services "through LAN, P.C." But, this phrase tells the Court nothing about what LAN, P.C. actually did. It could easily mean, for example, that LAN, Inc. performed all the services in question under LAN, P.C.'s license. Indeed, Appellees' Complaint suggested as much. If so, LAN, P.C.'s conduct would be relatively insignificant in comparison to that of LAN, Inc., which actually performed the engineering services.

Appellees cite two Ninth Circuit cases, but neither supports their contention that LAN, P.C.'s conduct is a significant basis of the class claims. In *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111 (9th Cir. 2015), plaintiffs sued six companies, including one in-state defendant, that had served as trustees for deeds of trust that had been foreclosed. Plaintiffs alleged that each of the companies had engaged in "claims collection" in violation of a Nevada statute that, plaintiffs contended, required trustees to register as "collection agencies." *Id*. at 1115. The Ninth Circuit found that the local defendant's activities constituted between 15-20 percent of the debt collection activities of the defendants as a whole. This was a sufficient basis to determine that the local defendant's conduct was a significant basis of the class's claims.

By contrast, the Complaint here provides no basis for determining the significance of LAN, P.C.'s conduct in relation to the other defendants. The pleadings

11

do not allow an inference that LAN, P.C. caused a significant percentage of the harm experienced by the class in comparison to the harm caused by other defendants.

In *Allen v. Boeing Co.*, 821 F.3d 1111 (9th Cir. 2016), plaintiffs sued an owner of an aircraft plant and an in-state environmental remediation firm based on the alleged release of toxic substances into the groundwater. The Ninth Circuit found that the plaintiffs had stated a claim against the local defendant that satisfied the significant basis requirement. "Plaintiffs assert separate claims against Boeing and Landau for their alleged failures to investigate, remediate and clean-up the chemical plumes. Should plaintiffs prove their claims against Landau, its liability may be as great as Boeing." *Id.* at 1121.

Here, however, Appellees did not attempt to state a claim based on LAN, P.C.'s actions apart from those of LAN, Inc. that would provide a separate, significant source of liability. They merely lump the two defendants together in the apparent hope that what either did would be attributable to both.

Appellees' pleadings are akin to those considered in *Opelousas Gen. Hosp.*:

> Clearly, nothing in the complaint distinguishes the conduct of LEMIC from the conduct of the other defendants. The complaint makes no effort to quantify or even estimate the alleged underpayments made by LEMIC versus those made by Zurich. The complaint therefore does not allege facts describing LEMIC's conduct so as to establish that LEMIC's conduct forms a significant basis of plaintiffs' claims.

655 F.3d at 362. This is not to suggest that it is always possible or necessary to quantify the role played by the local defendant. Sometimes, as in *Woods*, the analysis must be qualitative. But there must be some basis upon which the characterization of the local defendant's role as significant or not significant must be made. Where, as here, Plaintiffs merely lump the conduct of defendants together in a mass undifferentiated pleading, there is no basis to determine that the local defendant's conduct is a significant basis of the class claims.

### C.    Local Defendants Joined After Removal May Not Be Considered

Plaintiffs improperly refer to another Michigan defendant added in an amended complaint filed *after* the case was removed and remanded to state court. "The application of the local controversy exception depends upon the pleadings at the time the class action is removed." *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 (5th Cir. 2014). *See generally Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (court's jurisdiction depends on facts existing when the case is brought). Because the new Michigan defendant was not a party at the time of removal, it may not be considered for purposes of determining the local controversy exception.

13

## IV.    CONCLUSION

The Court should reverse the order dismissing the case and remand to the district court with instruction to exercise its jurisdiction.

Respectfully submitted,

**SEDGWICK LLP**                                    **PLUNKETT COONEY**

By:   Wayne B. Mason                    By:   s/ Robert G. Kamenec
      S. Vance Wittie                                Robert G. Kamenec
      1717 Main Street, Suite 5400          Philip A. Erickson
      Dallas, TX 75201                            38505 Woodward Ave., Ste. 2000
      (469) 227-8200                               Bloomfield Hills, MI 48304
      wayne.mason@sedgwicklaw.com      (248) 901-4068
      vance.wittie@sedgwicklaw.com        rkamenec@plunkettcooney.com
                                                          perickson@plunkettcooney.com

*Attorneys for Defendants-Appellants*
*Lockwood, Andrews & Newnam, PC*
*and*
*Lockwood, Andrews & Newnam, Inc.*

Dated: October 25, 2016

# <u>CERTIFICATE OF COMPLIANCE</u>

STATE OF MICHIGAN    )
                              ) ss.
COUNTY OF OAKLAND )

ROBERT G. KAMENEC, being first duly sworn, certifies and states the following:

1.      He is a shareholder with the firm Plunkett Cooney, designated as lead counsel, and is responsible for preparation of the brief on appeal in the above-captioned cause;

2.      The brief on appeal complies with the type-volume limitation;

3.      Plunkett Cooney here relies on the word count of their word processing system used to prepare the brief, using Times New Roman Numeral size 14 font; and

4.      The word processing system counts the number of words in the brief as **3,048**.

                                     <u>s/ Robert G. Kamenec</u>
                                       ROBERT G. KAMENEC

**16-2313**

IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

JENNIFER MASON; CARL ROGERS, II; TERESA SPRINGER; JEFFREY DUSHANE;
DEBORAH CULVER; TRISTIN HASSELL; ADAM DILL; DAVID YEOMAN

*Plaintiffs -- Appellees*

--- V. ---

LOCKWOOD, ANDREWS & NEWNAM, P.C., a Michigan corporation;
LOCKWOOD, ANDREWS NEWNAM, INC., a Texas corporation

*Defendants – Appellants*

AND

LEO A. DALY COMPANY, a Nebraska corporation

*Defendant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
CASE NO. 5:16-CV-10633-JCO-MKM

## <u>CERTIFICATE OF SERVICE</u>

ROBERT G. KAMENEC, attorney with the law firm of PLUNKETT
COONEY, being first duly sworn, deposes and says that on the 25th day of October,
2016, he caused a copy of DEFENDANTS LOCKWOOD, ANDREWS &
NEWNAM, P.C. and LOCKWOOD, ANDREWS & NEWNAM, INC.'S REPLY

BRIEF OF APPELLANTS to be served upon all parties of record, and that such

service was made electronically upon each counsel of record so registered with the

United States Court of Appeals for the Sixth Circuit, and via U.S. Mail to any counsel

not registered to receive electronic copies from the court, by enclosing same in a

sealed envelope with first class postage fully prepaid, addressed to the above, and

depositing said envelope and its contents in a receptacle for the U.S. Mail.

> By:   s/ Robert G. Kamenec
>       Robert G. Kamenec
>       Counsel for Defendants-Appellants
>       38505 Woodward Ave., Ste. 2000
>       Bloomfield Hills, MI 48304
>       (248) 901-4068
>       rkamenec@plunkettcooney.com

Open.25633.61624.17601454-1